IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VALERIE BOGGS, and | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1481-C |
| | ) | |
| CEDAR CREEK, LLC | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant removed this case from the Oklahoma County District Court where Plaintiff filed her Petition alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2615 et seq., and asserted an intentional infliction of emotional distress ("IIED") claim. Defendant filed a Partial Motion to Dismiss (Dkt. No. 6), and Plaintiff has responded. The Motion is now at issue.

Defendant argues the IIED claim should be dismissed because Plaintiff failed to state a claim upon which relief can be granted. The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a pleading must contain enough allegations of fact which, when taken as true, "state a claim to relief that is plausible on

its face." Twombly, 550 U.S. at 570. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. Id. Thus, the starting point in resolving Defendant's Motion is to examine the factual allegations supporting the claim Defendant wishes the Court to dismiss. The Court will accept all well-pleaded factual allegations in the pleadings as true and construe them in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). However, conclusory allegations need not be accepted as true. Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011).

Plaintiff was employed by Defendant on January 29, 2014 when she suffered a panic attack at work. Plaintiff's supervisor witnessed the attack. Nine days later, Plaintiff requested an accommodation for her anxiety, including that she be allowed to begin her work day later in the morning and telecommute if she was unable to leave home. Plaintiff's telecommuting request was denied, but her supervisor advised that he would consider a new work schedule.

After a delay in Defendant's response and Plaintiff making a second request, Plaintiff received an accommodation on June 20, 2014. The accommodation included a flexible schedule to avoid high-traffic time periods, but if Plaintiff reported to work later than scheduled she must use FMLA leave and charge the time against her paid time off allowance. Plaintiff could communicate with family, friends, and medical professionals as needed to control her panic attacks and close her office door for privacy.

Plaintiff alleges other employees who arrived late were not required to use paid time off and her supervisor complained about other employees within the department

who arrived late, which made her reluctant to use her flexible time schedule accommodation. The supervisor, who was also Defendant's human resources manager, made inappropriate comments to Plaintiff regarding her heath, and others questioned when Plaintiff would get better and stated they preferred the "old" Plaintiff. Plaintiff was also moved from her private office to a filing room she shared with two other employees. On September 15, 2014, Defendant terminated Plaintiff.

The elements of an IIED claim are "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Computer Publ'ns, Inc. v. Welton, 2002 OK 50, ¶ 7, 49 P.3d 732, 735. The trial court is charged with acting as gatekeeper in regard to the outrageousness of defendant's conduct. In fact, "[o]nly when it is found that reasonable people would differ in an assessment of this central issue may the tort of [IIED] be submitted to the jury." Miller v. Miller, 1998 OK 24, ¶ 34, 956 P.2d 887, 901. To meet her burden, Plaintiff must show that "the recitation of defendant's conduct to an average member of the community would arouse the listener's resentment against the defendant and would lead the listener to exclaim 'Outrageous!'" Welton, 2002 OK 50, ¶ 9, 49 P.3d at 735.

Defendant argues Plaintiff has not alleged sufficient facts to show Defendant acted in an extreme and outrageous manner. Plaintiff responds that the conduct should be considered outrageous because the actor, Plaintiff's supervisor, was also Defendant's head of human relations. Because the supervisor was tasked with assuring ADA

3

compliance, it is outrageous that the supervisor committed the described violation. Plaintiff does not cite legal authority to support her argument.

Oklahoma courts have repeatedly found that an IIED claim based on workplace harassment is seldom present because the conduct does not rise to the level of "outrageous." Daniels v. C.L. Frates & Co., 641 F. Supp. 2d 1214, 1218 (W.D. Okla. 2009); see generally Rigo v. Apex Remington, Inc., No. 14-CV-663-JED-FHM, 2015 WL 3746307 (N.D. Okla. June 15, 2015); Miner v. Mid–America Door Co., 2003 OK CIV APP 32, 68 P.3d 212. Viewing the facts in the light most favorable to the Plaintiff, the Court finds they do not rise to the level of extreme and outrageous conduct.

Moreover, Plaintiff fails to account for the third and fourth elements of the claim. Plaintiff merely alleges that her supervisor's remarks made her feel "uncomfortable" and she was reluctant to take advantage of the accommodation schedule. (Pet., Dkt. No. 1-1, p. 3.) The only other mention of Plaintiff's resulting emotional distress is a conclusory statement that "Plaintiff suffered severe emotional distress." Id. at 5. The Court will not accept this statement as true. See Collins, 656 F.3d at 1214. Accordingly, Plaintiff's IIED claim is dismissed without leave to amend.

## CONCLUSION

For the reasons stated, Defendant's Partial Motion to Dismiss (Dkt. No. 6) is GRANTED.

IT IS SO ORDERED this 7th day of February, 2017.

ROBIN J. CAUTHRON
United States District Judge