IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VALERIE BOGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1481-C |
| | ) | |
| CEDAR CREEK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is now before the Court on Defendant Cedar Creek, LLC's Motion for Partial Reconsideration of the Court's Order on Defendant's Motion for Summary Judgment (Dkt. No. 34). Plaintiff filed a Response and Objection to the Defendant's Partial Motion for Reconsideration (Dkt. No. 35). Defendant filed a Reply Brief in Support of Its Motion for Partial Reconsideration (Dkt. No. 38). The motions are now at issue.

I. Background

The Court has already discussed the facts underlying this case in detail. (Mem. Op. & Order, Dkt. No. 33.) As the parties engaged in discovery, Defendant filed a Motion for Summary Judgment, which, in part, argued that Plaintiff failed to establish a *prima facie* case for a failure to accommodate claim. (Mot. For Summ. J., Dkt. No. 24.) Specifically, Defendant argued that Plaintiff could not establish the third element of a failure to accommodate claim. The Court issued its order granting in part and denying in part Defendant's Motion for Summary Judgment. (Mem. Op. & Order, Dkt. No. 33.) The Court addressed Plaintiff's failure to accommodate claim and found that a "reasonable jury

could differ on whether Plaintiff's request to have a private space other than the secondary spaces offered was a reasonable request for accommodation." (Mem. Op. & Order, Dkt. No. 33, p. 10.) As a result of that analysis, the Court found that disputed issues of material fact still exist with regard to the failure to accommodate claim and the Court denied Defendant's request for summary judgment on this issue. (Id.) Subsequently, Defendant filed a Motion for Partial Reconsideration. (Dkt. No. 34.)

## II. Standard

A "motion to reconsider" is not specifically detailed in the Federal Rules of Civil Procedure; however, it is a litigation tool that is widely used throughout federal courts. Weingarten v. Auto-Owners Ins. Co., No. 17-cv-01401-MEH, slip op. at 3 (D. Colo. 2018). "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" Id. (quoting Van Skiver v. United States, 925 F.2d 1241, 1243 (10th Cir. 1991)). The Court has wide latitude in granting relief under a motion to reconsider but "[a]bsent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Additionally, "a motion for reconsideration . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Id. The Court will use the following factors in its analysis of a motion to reconsider: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Id.

## III. Discussion

Defendant first argues that "[s]peculation, beliefs, assumptions, and surmise cannot overcome summary judgment." (Def.'s Mot. For Partial Recons., Dkt. No. 34, p. 5.) Defendant characterizes the accommodation Plaintiff required as unnecessary for Plaintiff to perform her assigned duties. (Def.'s Mot. For Partial Recons., Dkt. No. 34, p. 5.) Plaintiff argues that "the accommodations provided by Defendant were not reasonable . . . [and] [t]he reasonableness of the alternative accommodations is a question for the jury." (Pl.'s Resp., Dkt. No. 35, p. 3.) In this instance, Defendant does not introduce any new evidence, intervening change in the controlling law, or information that was previously unavailable.

Next, Defendant argues Plaintiff "testified that she did not need any accommodations other than the ones she was provided because they enabled her to perform the essential functions of her job." (Def.'s Mot. For Partial Recons., Dkt. No. 34, p. 5). Defendant also argues that Plaintiff never "complained about the adequacy of the accommodations provided by Cedar Creek while she was employed, which is a tacit admission that they were in fact effective." (Def.'s Mot. For Partial Recons., Dkt. No. 34, p. 6.) Here, nothing in the argument Defendant asserts is new evidence that was previously unavailable or was not brought to the Court's attention in a prior motion. The Court declines to alter its finding that disputed issues of fact exist regarding whether a reasonable jury could differ on whether Plaintiff's request to have a private space other than the secondary spaces offered was a reasonable request for accommodation.

## IV. Conclusion

For the reasons stated, Defendant Cedar Creek, LLC's Motion for Partial Reconsideration of the Court's Order on Defendant's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED this 1st day of March, 2018.

ROBIN J. CAUTHRON
United States District Judge